Matthews et al. *v.* Parker.

---

JOSEPH W. MATTHEWS et al. *v.* CINCINNATUS PARKER, President, &c.

The statute (Hutch. Code, 239) provides, "that all notes given for the purchase or lease of any school land, or for money loaned by the trustees belonging to the school fund, shall be recorded by the clerk of the circuit court of the county in which said trustees reside, and when due, if not punctually paid, the said clerk shall indorse on the record of said note that the same remains unpaid; and the same shall thereafter have the force and effect of a judgment of said circuit court, and said clerk shall issue execution, &c.: — *Held*, that the meaning of this act is, that the note shall be filed and recorded before it becomes due.

In such a case the note must be in the possession of the clerk of the court when it falls due, and there then can be no legal presumption of payment, if it be not punctually paid.

Where a note is filed after the day on which it falls due, an execution issued

Matthews et al. *v.* Parker.

upon it under the statute may be quashed on motion, and the proceedings declared void.

IN error from the circuit court of Hinds county; Hon. R. Barnett, judge.

On June 3, 1848, plaintiffs in error executed their bond, payable at twelve months, to George Work, president of board of trustees of section sixteen, township six, range one east, or his successors in office, for $765, money loaned of said township, with ten per cent. interest.

On the 11th February, 1851, this bond was filed in the circuit court clerk's office of Hinds, and recorded, and indorsed unpaid; a credit of $76.50 being allowed on record.

On the same day a *fieri facias* issued th···· ·n in the name of Parker, as up·· ·· a judgment for the full an········; but the credit was indorsed on the exec·· ··on.

At March term of Hinds circuit court, 1852, said plaintiffs entered their motion to quash said writ, and vacate said registry, and for a perpetual supersedeas; which motion was overruled, and they excepted to the decision of the court, and brought this writ of error.

*George L. Potter,* for appellants,
Cited Hutch. Code, 239, § 6, and Acts of Leg. 1850, 134.

*D. Shelton,* for appellee,
In reply, cited Hutch. Code, 932, 933; Ib. 239; 4 Wheat. 235; 4 Cond. R. 439.

Mr. Justice FISHER delivered the opinion of the court.

This was a motion made in the circuit court of Hinds county, by the plaintiffs in error, to quash an execution issued by the clerk of said court, under the provisions of the sixth section of the act of 1848, to provide for the establishment of common schools in certain counties. Hutch. Code, 239. The court overruled the motion, and the defendants below prosecuted their writ of error.

The execution recites, that on the 3d of June, 1848, the plain-

tiffs in error made their note for $765, payable to George Work, as president of the board of trustees of section sixteen, township six, range one east. That the note became due on the 3d of June, 1849; that the defendant in error, in succeeding said Work in said office, filed the note in the clerk's office of said court on the 11th of February, 1851, who recorded the same in a certain book; and the note remaining unpaid, the clerk so indorsed on said record. Whereupon he issued the execution in question.

The law under which this proceeding is attempted to be sustained is as follows: " And it is hereby enacted that all notes given for the purchase or lease of any school lands, or for money loaned by said trustees belonging to the school fund, shall be recorded by the clerk of the circuit court of the county in which said trustees reside; and when due, if not punctually paid, the said clerk shall indorse on the record of said note that the same remains unpaid, and the same shall thereupon have the force and effect of a judgment of said circuit court, and said clerk shall issue executions," &c. Hutch. 239, 240.

Waiving the questions argued by counsel at the bar, as to the constitutionality of this law, and placing the decision solely upon a fair construction of the statute, we are of opinion that the court below erred in overruling the motion. The law investing the clerk, as it does to some extent, with judicial authority, or if this is not the case, as argued by defendant's counsel, authorizing the issuance of an execution, without a judicial sentence, must, to say the least, be strictly construed. The clear meaning of the law is, that the note shall be filed and recorded before it becomes due, as is evident from the words, " and when due, if not punctually paid," the clerk shall indorse such fact on the record. It will be perceived from the execution that this note, though due on the 3d of June, 1849, was not filed in the clerk's office until the 11th of February, 1851. How could the clerk say on that day, unless the note had been all the time in his possession, whether it had been paid or not? His official statement, to be worth any thing, must be made in reference to the state of facts contemplated by the law. The note must be in his possession on the day on which it falls due, when there is no legal presumption existing as to its payment;

and the clerk must on that day make the indorsement of the non-payment of the note on the record, to authorize him to issue execution. Otherwise his action will be void, because it is impossible for him to certify to what he has not the means of knowing, and what he could not venture to state under oath as a witness in court.

We have intentionally omitted saying any thing as to the constitutional questions, as they are always in their nature delicate questions, and ought only to be decided when absolutely necessary to protect the rights of the citizen.

Judgment reversed, execution quashed, supersedeas made perpetual.